1  LONGYEAR, LAVRA & CAHILL, LLP
   Van Longyear, CSB No.: 84189
2  Nicole M. Cahill, CSB No.: 287165
   555 University Avenue, Suite 280
3  Sacramento, CA 95825
   Phone: 916-974-8500
4  Facsimile: 916-974-8510
   Emails: longyear@longyearlaw.com
5          cahill@longyearlaw.com

6

7  Attorneys for Defendant,
   City of Los Banos
8
                    **UNITED STATES DISTRICT COURT**
9
            **EASTERN DISTRICT OF CALIFORNIA FRESNO DIVISION**
10

11
   JOSE DE LA TORRE, an individual; and      )  Case No.: 1:25-cv-00053-KES-HBK
12 PATRICIA DE LA TORRE, an individual,      )
                                             )  **DEFENDANT CITY OF LOS BANOS'**
13        Plaintiffs,                        )  **ANSWER TO COMPLAINT AND**
                                             )  **DEMAND FOR JURY TRIAL**
14        vs.                                )
                                             )
15 CITY OF LOS BANOS, a municipal            )
   corporation; and DOES 1-15, inclusive     )
16                                           )
          Defendants.                        )
17

18        COMES NOW DEFENDANT, City of Los Banos and no others, ("Defendant"), and in

19 answer to Plaintiff's Complaint ("Complaint") admits, denies and alleges as follows:

20        1.    Answering the allegations contained in paragraph number 1, page 2 of said

21 Complaint, Defendant admits that the suit arises from an incident with officers of the City of Los

22 Banos Police Department (LBPD) on January 18, 2024 that involved the execution of an arrest

23 warrant for plaintiffs' son. Defendant denies all remaining allegations in this paragraph.

24        2.    Answering the allegations contained in paragraph number 2, page 2 of said

25 Complaint, Defendant admits that Mr. De La Torre was restrained when he exited his residence

26 that concealed a wanted, dangerous, felon and confronted law enforcement officers who were

27 lawfully present and who were acting in the line of duty attempting to arrest a violent felony

28 suspect. Mr. De La Torre was restrained and placed in a patrol car to prevent him from

continuing his interference with the lawful arrest of a felony suspect pursuant to a lawful warrant. Defendant denies all remaining allegations in this paragraph.

3.      Answering the allegations contained in paragraph number 3, page 3 of said Complaint, Defendant admits that Mrs. De La Torre asked to see the warrant and physically attempted to obstruct and interfere with the lawful execution of an arrest warrant for her son, a felony suspect. When she physically interfered, law enforcement officers attempted to stop her interference and when they were unsuccessful, Mrs. De La Torre was restrained by the use of various techniques including the use of a K9. Defendant denies that Mrs. De La Torre was slammed to the ground but admits that she was bitten by the K9.

4.      Answering the allegations contained in paragraph number 4, page 3 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

5.      Answering the allegations contained in paragraph number 5, page 3 of said Complaint, Defendant admits that this court has jurisdiction and that the case is properly venued in the Fresno division of the Eastern District of California.  Defendant denies that any action violated the Constitution and denies that any action was an abuse of power.

6.      Answering the allegations contained in paragraph numbers 6-7, page 3 of said Complaint, Defendant admits each and every, all and singular, generally and specifically, said allegations and the whole thereof.

7.      Answering the allegations contained in paragraph number 8, pages 3-4 of said Complaint, Defendant lacks sufficient information and/or belief to admit or deny the allegations regarding unknown and fictitiously named defendants and therefore denies each and every allegation regarding the defendants.  Defendant admits all remaining allegations in this paragraph.

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.      Answering the allegations contained in paragraph numbers 9-10, page 4 of said Complaint, Defendant alleges that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and place their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

9.      Answering the allegations contained in paragraph number 11, page 4 of said Complaint, Defendant admits each and every, all and singular, generally and specifically, said allegations and the whole thereof.

10.     Answering the allegations contained in paragraph number 12, page 4 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

11.     Answering the allegations contained in paragraph numbers 13-14, pages 4-5 of said Complaint, Defendant admits each and every, all and singular, generally and specifically, said allegations and the whole thereof.

12.     Answering the allegations contained in paragraph numbers 15-16, page 5 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

13.     Answering the allegations contained in paragraph number 17, pages 5-6 of said Complaint, Defendant admits that Mrs. De La Torre interfered and obstructed law enforcement officers' attempts to serve a lawful arrest warrant on her son who had been identified and was unlawfully resisting arrest. The Defendant denies that more force than was reasonable was used in detaining and arresting Mrs. De La Torre for her interference and obstruction.

14.     Answering the allegations contained in paragraph number 18, page 6 of said Complaint, Defendant denies that Mrs. De La Torre was treated disrespectfully. After she was handcuffed, Mrs. De La Torre was seated in a chair on her front porch while officers served the arrest warrant.  The K9 was used in the arrest of her son and was carried out of house under the full control of a trained K9 officer.  As the dog was carried by Mrs. De La Torre, Mrs. De La Torre assaulted the K9 by kicking the dog.  This assault was witnessed by the law enforcement

officers and Mrs. De La Torre was cited for the assault. Mrs. De La Torre was offered first aid at the scene and was transported to the hospital for assessment and treatment by ambulance.

15. Answering the allegations contained in paragraph numbers 19-20, page 6 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

16. Answering the allegations contained in paragraph number 21, page 6 of said Complaint, Defendant incorporates all above paragraphs as if fully set forth herein.

17. Answering the allegations contained in paragraph numbers 22-23, pages 6-7 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

18. Answering the allegations contained in paragraph number 24, page 7 of said Complaint, Defendant incorporates all above paragraphs as if fully set forth herein.

19. Answering the allegations contained in paragraph numbers 25-30, pages 7-9 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

20. Answering the allegations contained in paragraph number 31, page 9 of said Complaint, Defendant incorporates all above paragraphs as if fully set forth herein.

21. Answering the allegations contained in paragraph numbers 32-35, pages 9-10 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

22. Answering the allegations contained in paragraph number 36, page 10 of said Complaint, Defendant incorporates all above paragraphs as if fully set forth herein.

23. Answering the allegations contained in paragraph numbers 37-42, pages 10-11 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

///

///

///

24. Answering the allegations contained in paragraph number 43, page 11 of said Complaint, Defendant incorporates all above paragraphs as if fully set forth herein.

25. Answering the allegations contained in paragraph numbers 44-48, page 11 of said Complaint, Defendant denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

As separate and affirmative defenses, answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

That said Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

That at all times herein mentioned the actions of Defendant's employees and contractors acted reasonably and in good faith and as such they are entitled to qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

That Plaintiffs were contributorily negligent, that such negligence contributed to the incident and that Plaintiffs' recoveries should therefore either be barred or reduced to the extent of Plaintiffs' negligence.

### FOURTH AFFIRMATIVE DEFENSE

That at all times Defendant's employees and/or contractors acted in self-defense and/or defense of others and such actions are therefore privileged and reasonable.

### FIFTH AFFIRMATIVE DEFENSE

That this incident was caused by the negligence and/or fault of other persons, corporations, and entities, including both parties and non-parties to this action, whether named or not named and that Defendant's liability, if any, should be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

That Defendant has not deprived Plaintiffs of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

### SEVENTH AFFIRMATIVE DEFENSE

The laws enforcement officers were privileged to use reasonable force to overcome resistance and/or to affect an arrest.

1    WHEREFORE, said answering Defendant prays for relief as follows:

2    1.    For judgment as against Plaintiffs and in favor of Defendant;

3    2.    That Plaintiffs take nothing by way of their Complaint;

4    3.    For attorneys' fees and costs of suit incurred herein; and

5    4.    For such other and further relief as the court may deem just and proper

6

7    Dated: February 26, 2025                    LONGYEAR, LAVRA & CAHILL, LLP

8

9                                          By:   /s/ Van Longyear
                                                  VAN LONGYEAR
10                                                NICOLE M. CAHILL
                                                  Attorneys for Defendant,
11                                                City of Los Banos

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2        Defendant City of Los Banos hereby requests a trial by jury.

3    Dated: February 26, 2025                    LONGYEAR, LAVRA & CAHILL, LLP

4

5                                                 By:  /s/ Van Longyear
                                                            VAN LONGYEAR
6                                                          NICOLE M. CAHILL
                                                            Attorneys for Defendant,
7                                                          City of Los Banos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28